United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Michael Gongora and Iris Rait, Plaintiffs, <br><br> v. <br><br> City of Miami Beach, Defendant. | ) <br> ) <br> ) <br> ) Civil Action No. 21-22654-Civ-Scola <br> ) <br> ) <br> ) |

### Order Granting in Part and Denying in Part Motion for Remand

This cause is before the Court upon the Plaintiffs Michael Gongora and Iris Rait's motion for remand. (ECF No. 9.) The City of Miami Beach (the "City") does not oppose the motion if the Plaintiffs intend to dismiss Count VI of the amended complaint which states a claim under 42 U.S.C. § 1983. For the reasons stated below, the motion for remand is **granted in part and denied in part**. **(ECF No. 9.)**

1. **Background**

This action arises out of the Plaintiff's challenge to an amendment (later enacted as Section 2.02 of the City Charter) limiting the terms of service for City of Miami Beach (the "City") commissioners and mayors. Plaintiff Gongora is a sitting commissioner for the City and he intends to run for another term in November 2021. (Am. Compl. ECF No. 1-2 at ¶¶ 8-9.) The City advised Gongora that he is precluded from running for another term due to the retroactive application of Section 2.02 which limits commissioner and mayoral terms of service. Plaintiff Rait is a resident and voter in the City. (*Id.* at ¶ 8.) Rait intends to vote in the next election and she voted in favor of the amendment and did not understand that it would be applied retroactively to sitting commissioners. (*Id.* at ¶ 3.)

On July 9, 2021, the Plaintiffs initiated this action against Defendant City of Miami Beach in the Eleventh Judicial Circuit in and for Miami-Dade County. In their complaint, the Plaintiffs allege that the City committed several procedural errors in enacting an amendment to the City Charter, later incorporated into Section 2.02, in violation of Florida law. The Plaintiffs seek declaratory relief as to their rights under several Florida Statutes and whether the City's retroactive application of Section 2.02 violates the Florida Constitution. The Plaintiffs amended the complaint as a matter of course to add one count of a violation of 42 U.S.C. § 1983. (Count VI, Am. Compl. ECF

No. 1-2 at ¶¶ 88-95.) The amended complaint alleges that "Plaintiffs are in doubt as to his rights, privileges, immunities, and obligations under Section 2.02 of the Charter," and that "Defendant City of Miami Beach, acting under color of law, violated rights secured to the Plaintiffs by the First and Fourteenth Amendments to the United States Constitution including the right to freedom of association, the right to due process of law and the right to equal protection under the law." (*Id.* at ¶¶ 91, 95.)

On July 23, 2021, the City removed the case to this division asserting federal question jurisdiction. (Not. of Removal, ECF No. 1.) Three days later, the parties filed a joint motion for expedited case management order. (ECF No. 3.) Therein, the parties request an abbreviated scheduling order setting all pretrial deadlines from July 2021 through August 2021. (State Case Management Plan, ECF No. 3-1). The parties seek a resolution of this action before the September 2021 deadline for the candidate qualifying period, or at the latest before the November 2021 general elections. (*Id.* at 2.) To accommodate the parties' request for an expedited resolution of this case, the Court entered an order to show cause directing the parties to explain why Count VI should not be dismissed. (ECF No. 4.) The Court noted that amended complaint seemingly failed to state a claim for declaratory relief under the First and Fourteenth Amendment. (*Id.* at 1.)

The City responded that Count VI should be dismissed for failure to state a claim because "Count VI does not articulate the factual predicate for the alleged constitutional violations, nor does it otherwise explain the legal theory for the alleged violations." (ECF No. 5 at 2.) The Plaintiffs filed their reply explaining that "[t]he inappropriate retroactive application of the improperly adopted Charter Amendment violates Plaintiffs' 'basic constitutional rights' found in the First and Fourteenth Amendments, including their rights to freely associate and the right to ballot access." (ECF No. 8 at 1.)

The Plaintiffs also filed the pending motion for remand and attorney's fees. (ECF No. 9.) They argue that the case should be remanded because "it is well settled that the mere presence of a federal issue in a state cause of action does not automatically confer federal jurisdiction." (*Id.* at 2.) The City does not oppose the relief sought so long as the Plaintiffs decide to dismiss Count VI. (*Id.* at 5.)

### 2. Discussion

On a motion to remand, the removing party bears the burden of showing the existence of federal subject matter jurisdiction. *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). Any uncertainty as to removal

should be resolved in favor of remand. *Scimone v. Carnival Corp.*, 720 F.3d 876 (11th Cir. 2013). The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint. *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908). "As a general rule, a case arises under federal law only if it is federal law that creates the cause of action." *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). "The case, however, may arise under federal law if a well-pleaded complaint established that [the] right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Id.* at 1505. However, the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Id.* (citing *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 813–14 & n. 11, 106 S.Ct. 3229, 3234–35 & n. 11, 92 L.Ed.2d 650 (1986)). *See also Moore v. Chesapeake & Ohio Ry. Co.,* 291 U.S. 205, 212–15, 54 S.Ct. 402, 405–06, 78 L.Ed. 755 (1934) (that part of state statutory scheme requires some analysis of federal law is insufficient to invoke federal jurisdiction)

  The City's notice of removal relies on the amended complaint's allegation that "Defendant City of Miami Beach, acting under color of law, violated rights secured to the Plaintiffs by the First and Fourteenth Amendments to the United States Constitution including the right to freedom of association, the right to due process of law and the right to equal protection under the law." (ECF No. 1-2 at ¶ at 95.) This statement alone is insufficient to state a federal claim. Indeed, in their response to the Court's order to show cause, the Plaintiffs explained what they intended to allege: that the retroactive application of Section 2.02 affects Gongora's access to the ballot in violation of the United States Constitution.

  Moreover, as the Plaintiffs note, remand is appropriate because no interpretation of federal law is necessary to determine their claims. The parties do not seem to dispute that claims of access to ballot may implicate the United States Constitution. However, the amended complaint mentions the Plaintiffs' federal constitutional rights in two isolated paragraphs. The Plaintiffs dedicate the great majority of the complaint to violations of state law and the Florida Constitution. The issue at the heart of the Plaintiffs' amended complaint is whether the City violated Florida law through its actions in enacting and retroactively applying Section 2.02. Thus, no substantial question of federal law must be answered to determine plaintiff's claims and federal jurisdiction is lacking. *Diaz*, 85 F.3d at 1505; *Hansard v. Forsyth Cty., GA,* 191 F. App'x 844, 846 (11th Cir. 2006). For these reasons, the motion for remand is granted.

  Lastly, the Court does not find that an award of attorney's fees is

appropriate under the circumstances and thus, the motion is denied on that point. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). An award of fees and costs under § 1447(c) is discretionary, but the court may only exercise its discretion where the removing party lacked an objectively reasonable basis for seeking removal. *Siman v. Ocean Bank, N.A.*, No. 1:15-CV-24258-KMM, 2016 WL 739659, at *5 (S.D. Fla. Feb. 25, 2016) (Moore, J.) (citing *Martin v. Franklin Capital Corp.*, 146 U.S. 132, 141 (2005)). Here, while removal was ultimately unsuccessful, given the ambiguity of Count VI, the Court finds that the City was not objectively unreasonable in its removal of the case.

### 3. Conclusion

Accordingly, the Plaintiffs' motion for remand **is granted in part and denied in part**. **(ECF No. 9.)** The Clerk of the Court is directed to **close** this case with instructions to remand to the Eleventh Judicial Circuit in and for Miami-Dade County. All other motions are **denied as moot. (ECF No. 3.)**

**Done and ordered** in Miami, Florida, on July 31, 2021.

Robert N. Scola, Jr.
United States District Judge